**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

EDWARD L. EATON

                    Plaintiff,

v.                                                Case No.: 8:03-CV-2434-T-17EAJ

DYNCORP INTERNATIONAL, LLC;
DYNCORP TECHNICAL SERVICES, LLC;
and DYNCORP,

                    Defendants.
_____/

**ORDER**

This cause is before the Court on Defendants, DYNCORP INTERNATIONAL, LLC, DYNCORP TECHNICAL SERVICES, LLC, and DYNCORP's, motion for summary judgment, filed June 16, 2005 (Dkt. 34), Plaintiff, EDWARD L. EATON's, response thereto, filed August 1, 2005 (Dkt. 51), and Defendants' motion to amend answer and affirmative defenses (Dk. 33), to which there has been no objection.

**I. Background**

On November 19, 2003, EDWARD L. EATON filed this action against Defendants DYNCORP INTERNATIONAL, LLC, DYNCORP TECHNICAL SERVICES, LLC, and DYNCORP, alleging discriminatory hiring practices in violation of the Americans with Disabilities Act (ADA) (Dkt. 1).  Defendants answered the complaint on February 2, 2004 (Dkt. 3, 4, 5).  Defendants moved for summary judgment on June 16, 2005 (Dkt. 34), and EATON filed a memorandum in opposition on August 1, 2005 (Dkt. 51).

The following are found to be "facts" for purposes of resolving the motion for summary judgment.  EATON is an insulin-dependent diabetic.  In May of 2001, he applied for a position as an international police officer with Defendants, which were recruiting for an upcoming mission to Kosovo as part of a contract with the United States Government.  On July 9, 2001, DYNCORP issued EATON an offer of employment that was conditioned on his successful completion of a physical examination, psychological

evaluation, substance abuse screening evaluation, and Police Assessment Selection and Training Program. On July 28, 2001, a physician reviewed EATON's records at DYNCORP's request and recommended not sending EATON to Kosovo because of uncertainty surrounding the available supply of insulin. EATON was notified of the termination of his application on August 3, 2001.

Defendants maintain that EATON's application was terminated because of a written reprimand that resulted from a disciplinary matter on a prior mission with the United Nations. However, EATON maintains that Defendants had a letter exonerating him from those allegations when they rejected his employment application. Thus, he urges the Court to conclude that DYNCORP terminated his application because he had diabetes.

Defendants ask this Court to grant their motion for summary judgment because of the non-existence of any material fact that would entitle EATON to recovery. Specifically, defendants make three arguments. First, Defendants argue that EATON's diabetes does not render him "disabled" within the meaning of the ADA. Second, they argue that EATON is not a "qualified individual," within the meaning of the ADA. Third, they argue that EATON has failed to show that his application was terminated for a discriminatory reason. EATON rebuts each of these claims and contends that there exist genuine issues of material fact that require this Court to deny Defendants' motion for summary judgment.

## II. Standard of Review

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-324 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The evidence presented

must be construed in favor of the non-moving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 249.

### III. Discussion

For EATON to succeed in a claim under the ADA, he must show that: (1) he has a disability; (2) he is a qualified individual; and (3) the Defendants unlawfully discriminated against him because of the disability. Duckett v. Dunlop Tire Corp., 120 F.3d 1222, 1224 (11th Cir. 1997).

### Disability

Defendants allege that, as a matter of law, EATON's diabetes does not constitute a disability within the meaning of the ADA. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102(2).

First, Defendants contend that EATON's diabetes did not "substantially limit" any major life activity. In response, EATON contends that his diabetes substantially limited his ability to eat. Eating qualifies as a major life activity. Fraser v. Goodale, 342 F.3d 1032, 1040 (9th Cir. 2003); Lawson v. CSX Transp., Inc., 245 F.3d 916, 923 (7th Cir. 2001). Thus, if EATON can present evidence to show that his condition substantially limited his ability to eat, he can qualify as having a disability under the ADA. See Collado v. United Parcel Service, Co., 419 F.3d 1143, 1155-1156 (11th Cir. 2005) (recognizing that evidence of "extreme dietary limitations" may support the assertion that one's diabetes substantially limits his or her ability to eat, but concluding that the plaintiff in that case was not substantially limited). The severity of EATON's condition is a matter to be decided by the fact-finder. Id. at 1155. Thus, there remains a genuine issue of material fact to be resolved at trial.

Second, Defendants contend that there was no record of impairment, as it is defined under the ADA. In response, Plaintiffs claim that Defendants possessed records that established EATON's impairment. The existence of medical records is not in

3

Case 8:03-cv-02434-EAK-EAJ   Document 60   Filed 11/07/05   Page 4 of 7 PageID 526

Case No.: 8:03-CV-2434-T-17EAJ

contention; rather, the parties disagree as to whether those records establish impairment, within the meaning of the ADA. The records can only establish impairment if EATON's condition substantially limits his ability to eat. Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1229 (11th Cir. 1999) (stating that "the record-of-impairment standard is satisfied only if [the plaintiff] actually suffered a physical impairment that substantially limited one or more of [his or] her major life activities"). Because there is a genuine issue of material fact as to whether EATON's diabetes substantially limited his ability to eat, there is also a genuine issue of material fact as to whether EATON's medical records show impairment.

Finally, Defendants contend that they did not regard EATON as having an impairment. Specifically, they assert that the ADA requires an employee to prove that his employer regarded him as being impaired from a broad range of activities, not just a single activity. Defendants assert that, even if they regarded EATON as being impaired from working as a police officer in the Kosovo mission, this would not amount to impairment from performing a broad range of activities. A plaintiff is regarded as being disabled if "he has a physical impairment that does not substantially limit major life activities but is treated by an employer as constituting such a limitation . . . ." Rossbach v. City of Miami, 371 F.3d 1354, 1359-1360 (11th Cir. 2004). The requirement that the individual be regarded as impaired from a broad range of activities applies when the disability is said to substantially limit the life activity of working. 29 C.F.R. §1630.2(j)(3)(i); *see also* Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369-1370 (11th Cir. 1998) (applying the "broad range of activities" requirement to reject a pilot's claim that his employer "perceived him as having a mental impairment that substantially limited the major life activity of working"). The United States Supreme Court has stated that:

> To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

Sutton v. United Air Lines, Inc., 527 U.S. 471, 492.  In each of the cases that Defendants cite to support their assertion that they did not regard EATON as being impaired from performing a broad range of activities, the court identified available jobs that utilized the plaintiff's skill.  Cash v. Smith, 231 F.3d 1301, 1306-1307 (asserting that an impaired ability to drive a company car leaves open many other employment possibilities); Witter, 138 F.3d at 1370 (identifying airline jobs outside of traditional pilot jobs for which the plaintiff was impaired).  Defendants have not made any such identification in their motion for summary judgment.  Therefore, construing in a light most favorable to EATON, there remains a genuine issue of material fact as to whether Defendants regarded EATON as being disabled, within the meaning of the ADA.

For the reasons described above, this Court concludes that there are genuine issues of material fact with regard to whether EATON was disabled under the ADA.

## Qualified Individual

Defendants next contend that EATON was not a qualified individual within the meaning of the ADA, for two reasons.  First, the United Nations reprimand would have disqualified EATON because he would not have met the prerequisites for the mission.  Second, EATON's medical condition would have prevented him from performing the essential functions of the job of a police officer.   EATON claims that Defendants possessed a letter exonerating him from the allegations made in the reprimand even before he applied for the mission.  Moreover, Plaintiff points out that Defendants admit to hiring insulin-dependent diabetics for the mission.

The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  Given the conflicting assertions of the parties, and construing the facts in a light most favorable to EATON, this Court cannot say that EATON was not a qualified individual, within the meaning of the ADA.  Thus, there remains a genuine issue of material fact with regard to this issue.

## Unlawful Discrimination

Finally, Defendants contend that they did not unlawfully discriminate against EATON because of his diabetes.  Rather, they claim that EATON's application was

terminated because he had been issued a written reprimand while serving on a prior United Nations mission. Moreover, Defendants argue that there was a legitimate nondiscriminatory reason for their refusal to send a diabetic into a "virtual war zone, absent a waiver. . . ." (Dkt. 34)

When determining whether a plaintiff was discriminated against based on the plaintiff's alleged disability, the burden-shifting analysis used in analyzing Title VII employment discrimination cases is applied. Earl v. Mervyns, Inc., 207 F.3d 1361, 1365 (11th Cir. 2000). After the Plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant, who is required to produce a nondiscriminatory reason for the alleged discriminatory actions. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). Once the defendant has satisfied the burden of production, the plaintiff is required to prove by a preponderance of the evidence that the defendant employer possessed a discriminatory intent. Id.

In the case at hand, EATON established a *prima facie* case of discrimination by showing that his application was terminated after DYNCORP became aware of his diabetes. DYNCORP then asserted a nondiscriminatory reason for terminating EATON's application: his written reprimand. EATON must now prove by a preponderance of the evidence that DYNCORP possessed a discriminatory intent. Specifically, EATON asserts that DYNCORP received a letter exonerating him from the allegations in the reprimand, and that DYNCORP cancelled EATON's application because of his diabetes. Given the conflicting assertions of the parties, this Court is unable to say that EATON cannot prove by a preponderance of the evidence that DYNCORP possessed a discriminatory intent. Thus, there remains a genuine issue of material fact with regard to this issue as well.

Because there are genuine issues of material fact as to each element of EATON's ADA claim, the Defendants cannot prevail on their motion for summary judgment. Accordingly, it is

Case No.: 8:03-CV-2434-T-17EAJ

**ORDERED** that Defendants' motion for summary judgment (Dkt. 34) be **DENIED** and Defendants' unopposed motion to amend answer and affirmative defenses (Dkt. 33) be **GRANTED** and the amended answer should be filed within five (5) days of this date.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 7th day of November, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record